[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11757

_____

D.C. Docket No. 1:16-cv-00325-ODE

IVY WHITWORTH,

Plaintiff - Appellant,

versus

SUNTRUST BANKS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2020)

Before WILSON and BRANCH, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

---

* The Honorable Jane A. Restani, United States Judge, U.S. Court of International Trade, sitting by designation.

Ivy Whitworth appeals the district court's grant of summary judgment to her former employer SunTrust Banks in this retaliatory termination case.  Whitworth claims she was fired in retaliation for voicing opposition to alleged discrimination against a co-worker in violation of Title VII[1] and § 1981.[2]  SunTrust counters that she was fired for misusing her corporate credit card in violation of company policy.  The district court granted summary judgment to SunTrust, finding that Whitworth failed to satisfy the "but-for" causation standard articulated in *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 362 (2013).

Having fully reviewed the record and after the benefit of oral argument, we affirm the district court's order.[3]  Regardless of the validity of Whitworth's temporal proximity arguments,[4] we agree with the district court that she failed to show, through her comparators or otherwise, that SunTrust's proffered reason for her termination was mere pretext.  As the district court correctly noted, Whitworth fails to satisfy the but-for causation standard whether that standard is applied at the

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

[2] 42 U.S.C. § 1981.

[3] *Whitworth v. SunTrust Banks, Inc.*, No. 1:16-CV-325-ODE-CMS, 2018 WL 1634301 (N.D. Ga. Mar. 30, 2018) (as amended Apr. 3, 2018).

[4] Without discussing its contours and limits here, we note that "temporal proximity" has continued relevance in determining causation under our post-*Nassar* jurisprudence. *See Jefferson*, 891 F.3d at 926.

*prima facie* or pretext stage of the traditional burden-shifting test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jefferson v. Sewon America, Inc.*, 891 F.3d 911, 924–26 (11th Cir. 2018). Accordingly, the district court correctly granted summary judgment in favor of SunTrust.

**AFFIRMED.**